```
                                                        FILED
                                                  IN CLERK'S OFFICE
                                              U.S. DISTRICT COURT E.D.N.Y.

                                              ★  NOV 28 2011  ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    BROOKLYN OFFICE
                                                DOCKET & FILE
------------------------------------X

NELLA MANKO,

                    Plaintiff,                MEMORANDUM AND ORDER

     -against-                                 11-cv-5430 (KAM) (LB)

MARSHA L. STEINHARDT, individually and
in her official capacity as Judge of
the Supreme Court of Kings County;
FITZSIMMONS, individually and in his
official capacity as Clerk of the
Supreme Court of Kings County; WARREN
GLASER, individually and in his official
capacity a Law Secretary of the Supreme
Court of Kings County; EILEEN MCLOUGHLIN,
individually and in her official
capacity as Court Reporter of the
Supreme Court of Kings County; BRUCE M.
BALTER, individually and in his official
capacity as Judge of the Supreme court
of Kings County; SUSAN K. WRIGHT,
individually and in her official
capacity as Court Reporter of the
Supreme Court of Kings County; KINGS
COUNTY SUPREME COURT OF THE STATE OF
NEW YORK, ADMINISTRATIVE JUDGE,
individually and in her/his official
capacity as Administrative Justice of
the Supreme Court of Kings County; KINGS
COUNTY CLERK'S OFFICE; NANCY T. SUNSHINE,
individually and in her official
capacity as Clerk of the Kings County
Clerk's Office; ANNA R. SCHWARTZ, Esq.,
in her individual and professional
capacities; ANTHONY LUGARA, Esq., in his
individual and professional capacities;
JOSHUA R. COHEN, Esq., in his individual
and professional capacities; GARSON
DECORATO & COHEN, LLP, in its individual
and professional capacities; GARSON
GERSPACH DECORATO & COHEN, LLP, in
its individual and professional
```

capacities; LAW OFFICES OF DAVID GABAY,
in its individual and professional
capacities; DAVID A. GABAY, Esq., in his
individual and professional capacities;
BERNARD H. BROOME, Esq., in his
individual and professional capacities;
LAW OFFICE OF BERNARD H. BROOM, PLLC.,

Defendants.

------------------------------------------X
**MATSUMOTO, United States District Judge:**

On October 31, 2011, *pro se* plaintiff Nella Manko, filed this action[1] pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, alleging that Marsha L. Steinhardt, individually and in her official capacity as Judge of the Supreme Court of Kings County; Fitzsimmons,[2] "individually and in his official capacity as Clerk of the Supreme Court of Kings County"; Warren Glaser, individually and in his official capacity as a Law Secretary of the Supreme Court of Kings County; Eileen McLoughlin, individually and in her official capacity as Court Reporter of the Supreme Court of Kings County; Bruce M. Balter, individually and in his official capacity as Judge of the Supreme Court of Kings County; Susan K. Wright, individually and in her official capacity as Court Reporter of the Supreme Court of Kings County; the Kings County Supreme Court of the State of New York; a

---

[1] On October 17, 2011, two weeks before filing the instant action, plaintiff applied for leave to proceed *in forma pauperis* in a separate action in this court (the "First Action," Docket No. 11-cv-5103). All six defendants named in plaintiff's complaint in the First Action appear as named defendants in plaintiff's complaint in the instant action as well.
[2] Plaintiff provides only the surname for this individual.

2

person referred to as "Administrative Judge," individually and in her/his official capacity as Administrative Justice of the Supreme Court of Kings County; the Kings County Clerk's Office; Nancy T. Sunshine, individually and in her official capacity as Clerk of the Kings County Clerk's Office; Anna R. Schwartz, Esq., "in her individual and professional capacities"; Anthony Lugara, Esq., "in his individual and professional capacities"; Joshua R. Cohen, Esq., "in his individual and professional capacities"; Garson Decorato & Cohen, LLP, "in its individual and professional capacities"; Garson Gerspach Decorato & Cohen, LLP "in its individual and professional capacities"; the Law Offices of David A. Gabay, "in its individual and professional capacities"; David A. Gabay, Esq., "in his individual and professional capacities"; Bernard H. Broome, Esq., "in his individual and professional capacities; and the Law Office of Bernard H. Broome, PLLC (collectively "defendants"), violated her constitutional rights during the course of her state court medical malpractice action, Kings County Supreme Court Index Number 30972/2004, and related state court actions (collectively "State Court Actions"). (*See generally* ECF No. 1, Complaint ("Compl.").) Plaintiff also asserted fraud and tort claims against defendants under state law. (*Id.*) Plaintiff seeks an injunction ordering Judges Steinhardt and Balter to recuse themselves in the State Court Actions; reversal, annulment and

3

vacatur of any orders entered by Judges Steinhardt or Balter in the State Court Actions; and punitive and "actual, general, special [and] compensatory damages." (Compl. at 36-37.)

Presently before the court is plaintiff's request to proceed *in forma pauperis*. (ECF No. 2, Application to Proceed in District Court Without Prepaying Fees or Costs ("Pl.'s App.").) For the reasons set forth below, the court denies plaintiff's application.

I.  **Motion to Proceed *In Forma Pauperis***

The filing fee to commence a civil action in this court is $350. *See* 28 U.S.C. § 1914(a). The court may waive the filing fee for any person who submits an affidavit establishing her indigency and inability to pay the required fee. *See id.* § 1915.

In her application to proceed *in forma pauperis*, plaintiff states that she is currently self-employed and that she earned income in the amount of $9,950 in 2010. (Pl.'s App. at 2.) She further states that as of September 6, 2011, her checking accounts contained $2,560.27 ($2,339.04 + $221.23) and her savings accounts contained $8,283.13 ($8,124.09 + $159.04). (*Id.*) The court finds that plaintiff's financial declaration does not support a showing of indigency. Accordingly, the court denies plaintiff's application to proceed *in forma pauperis*.

## II. Deficiencies of the Complaint

### A. *Rooker-Feldman* Doctrine

Plaintiff is advised that certain allegations in her complaint are barred by the doctrines of *Rooker-Feldman*, and judicial, quasi-judicial and sovereign immunity. Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany Cnty. Bd. of Elections*, the Second Circuit set forth four factors to determine whether the *Rooker-Feldman* doctrine applies: (1) plaintiff lost in state court; (2) plaintiff complains of an injury caused by the state court order; (3) plaintiff seeks a federal court's review of the state court's process and rejection of the state court's determinations; and (4) the state court determinations in question were rendered before the federal action was commenced. 422 F.3d 77, 85 (2d Cir. 2005). Plaintiff's first claim (*see* Compl. ¶¶ 80-91) is subject to dismissal because each of the *Hoblock* requirements are met. Because the district court lacks subject matter jurisdiction over this claim which, in essence,

5

appeals from a state court judgment, the claim must be dismissed. *See Hoblock*, 422 F.3d at 86.

### B. Immunity Defenses

The complaint is also dismissible as to certain defendants because they are immune from suit. First, because the claims against Judge Steinhardt, Judge Balter and the Administrative Judge of the Supreme Court of Kings County are based solely on judicial acts performed in their judicial capacity, the claims against them are barred by the doctrine of judicial immunity. *Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009).

Second, the claims against the Kings County Supreme Court of the State of New York and its Clerk's Office are barred by Eleventh Amendment sovereign immunity because both are considered arms of the State of New York. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (New York State Unified Court System, of which a county court is a part, is an "arm of the State," and therefore entitled to Eleventh Amendment sovereign immunity).

Furthermore, clerks of court and law secretaries--such as Fitzsimmons, Sunshine and Glaser, defendants named in the present suit--are immune from claims arising from their alleged failure to properly manage the court calendar or file documents. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (finding

6

"court's inherent power to control its docket is part of its function of resolving disputes between parties" and is therefore "a function for which judges and their supporting staff are afforded absolute immunity"); *see also Peker v. Steglich*, 324 F. App'x 38, 40 (2d Cir. 2009) (judicial immunity cloaks clerks' performance of tasks that are "basic and integral to the judicial function").

In addition, the claims against McLoughlin and Wright are dismissible because court reporters enjoy qualified immunity. *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983).

Accordingly, plaintiff's claims against Judge Steinhardt, Judge Balter, the Administrative Judge of the Supreme Court of Kings County, Fitzsimmons, Sunshine, Glaser, McLoughlin, Wright, the Kings County Supreme Court of the State of New York and its Clerk's Office would be dismissed even if plaintiff pays the filing fee.

### C. Supplemental Jurisdiction

The last category that plaintiff has named, private attorneys and their law firms, are private parties who would not be subject to suit under 42 U.S.C. § 1983. Consequently, the only claims that may survive immediate dismissal are plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367(c), however, a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims

over which it has original jurisdiction." Plaintiff is advised that if she pays the filing fee to commence this action, the court will (1) dismiss her federal claims for the reasons set forth above, (2) decline to exercise supplemental jurisdiction over plaintiff's state law claims and (3) dismiss the entire case.

**CONCLUSION**

The court denies plaintiff's application to proceed *in forma pauperis* because it finds that plaintiff's financial declaration does not support a showing of indigency. Therefore, if plaintiff wishes to proceed with this action, she must pay the filing fee of $350 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Memorandum and Order. If plaintiff fails to submit the filing fee within the time allowed, the complaint will not be filed and no action will proceed.

Even if plaintiff pays the filing fee of $350 within the allotted time to file a complaint and commence an action, however, plaintiff is on notice that the action will be dismissed for the reasons set forth in Section II, *supra*.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of

an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is respectfully directed to serve a copy of this Memorandum and Order on plaintiff and note service in the docket.

**SO ORDERED.**

/S/
_____
Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
       November 28, 2011