UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------X

NELLA MANKO,

        Plaintiff,                     **MEMORANDUM AND ORDER**

   -against-                       **11-cv-5430(KAM)(LB)**

MARSHA L. STEINHARDT, individually and
in her official capacity as Judge of
the Supreme Court of Kings County;
FITZSIMMONS, individually and in his
official capacity as Clerk of the
Supreme Court of Kings County; WARREN
GLASER, individually and in his official
capacity a Law Secretary of the Supreme
Court of Kings County; EILEEN MCLOUGHLIN,
individually and in her official
capacity as Court Reporter of the
Supreme Court of Kings County; BRUCE M.
BALTER, individually and in his official
capacity as Judge of the Supreme court
of Kings County; SUSAN K. WRIGHT,
individually and in her official
capacity as Court Reporter of the
Supreme Court of Kings County; KINGS
COUNTY SUPREME COURT OF THE STATE OF
NEW YORK, ADMINISTRATIVE JUDGE,
individually and in her/his official
capacity as Administrative Justice of
the Supreme Court of Kings County; KINGS
COUNTY CLERK'S OFFICE; NANCY T. SUNSHINE,
individually and in her official
capacity as Clerk of the Kings County
Clerk's Office; ANNA R. SCHWARTZ, Esq.,
in her individual and professional
capacities; ANTHONY LUGARA, Esq., in his
individual and professional capacities;
JOSHUA R. COHEN, Esq., in his individual
and professional capacities; GARSON
DECORATO & COHEN, LLP, in its individual
and professional capacities; GARSON
GERSPACH DECORATO & COHEN, LLP, in
its individual and professional

capacities; LAW OFFICES OF DAVID GABAY,
in its individual and professional
capacities; DAVID A. GABAY, Esq., in his
individual and professional capacities;
BERNARD H. BROOME, Esq., in his
individual and professional capacities;
LAW OFFICE OF BERNARD H. BROOM, PLLC.,

        Defendants.

-----------------------------------------X
**MATSUMOTO, United States District Judge**:

On October 31, 2011, *pro se* plaintiff Nella Manko filed this action[1] pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, alleging that Marsha L. Steinhardt, individually and in her official capacity as Judge of the Supreme Court of Kings County; Fitzsimmons,[2] "individually and in his official capacity as Clerk of the Supreme Court of Kings County"; Warren Glaser, individually and in his official capacity as a Law Secretary of the Supreme Court of Kings County; Eileen McLoughlin, individually and in her official capacity as Court Reporter of the Supreme Court of Kings County; Bruce M. Balter, individually and in his official capacity as Judge of the Supreme Court of Kings County; Susan K. Wright, individually and in her official capacity as Court Reporter of the Supreme Court of Kings County;

---

[1] On October 17, 2011, two weeks before filing the instant action, plaintiff applied for leave to proceed *in forma pauperis* in a separate action in this court (the "First Action," Docket No. 11-cv-5103), which was dismissed on January 24, 2012. All six defendants named in plaintiff's complaint in the First Action appear as named defendants in plaintiff's complaint in the instant action as well.
[2] Plaintiff provides only the surname for this individual.

2

the Kings County Supreme Court of the State of New York; a person referred to as "Administrative Judge," individually and in her/his official capacity as Administrative Justice of the Supreme Court of Kings County; the Kings County Clerk's Office; Nancy T. Sunshine, individually and in her official capacity as Clerk of the Kings County Clerk's Office; Anna R. Schwartz, Esq., "in her individual and professional capacities"; Anthony Lugara, Esq., "in his individual and professional capacities"; Joshua R. Cohen, Esq., "in his individual and professional capacities"; Garson Decorato & Cohen, LLP, "in its individual and professional capacities"; Garson Gerspach Decorato & Cohen, LLP "in its individual and professional capacities"; the Law Offices of David A. Gabay, "in its individual and professional capacities"; David A. Gabay, Esq., "in his individual and professional capacities"; Bernard H. Broome, Esq., "in his individual and professional capacities; and the Law Office of Bernard H. Broome, PLLC (collectively "defendants"), violated her constitutional rights during the course of her state court medical malpractice action, Kings County Supreme Court Index Number 30972/2004, and related state court actions (collectively "State Court Actions"). (*See generally* ECF No. 1, Complaint ("Compl.").) Plaintiff also asserts fraud and tort claims against defendants under state law. (*See id*. ¶¶ 111–134.)

Plaintiff seeks an injunction ordering Judges Steinhardt and Balter to recuse themselves in the State Court Actions; reversal, annulment and vacatur of any orders entered by Judges Steinhardt or Balter in the State Court Actions; and punitive and "actual, general, special [and] compensatory damages." (*Id*. at 36–37.[3])

By Memorandum and Order dated November 28, 2011, this court denied plaintiff's request to proceed *in forma pauperis*; directed plaintiff to pay the $350 filing fee; and informed her that, even if she paid the fee, the action would be dismissed. (*See* ECF No. 3, Memorandum and Order dated 11/28/2011.) On December 9, 2011, plaintiff paid the filing fee.

On December 23, 2011, plaintiff moved for an order directing the United States Marshals Service to serve the summons and complaint upon defendants. (*See* ECF No. 5.) On January 5, 2012, plaintiff moved for access to the "interactive court system: 'PACER.'" (*See* ECF No. 6.) Plaintiff served process on defendants Garson Decorato & Cohen, LLP and Garson Gerspach Decorato & Cohen, LLP on January 10, 2012 (*see* ECF Nos. 7-8) and on January 23, 2012, defendants Joshua Cohen, Anna Schwartz, Anthony Lugara and Garson DeCorato & Cohen, LLP moved for a pre-motion conference in advance of their anticipated

---

[3] These numbers refers to the page numbers assigned by the Electronic Case Filing (ECF) system.

4

motion to dismiss. (*See* ECF No. 9.) On the same day, plaintiff filed two motions for an "emergency order to show cause for the United States Marshals Service to effect service of process" on the remaining defendants.

For the reasons stated in the court's November 28, 2011 Order and repeated below, the court dismisses the complaint in its entirety and denies as moot the parties' outstanding motions.

## **BACKGROUND**

Plaintiff's complaint sets forth the following seven "counts," or claims, against defendants:

(1) a claim pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Steinhardt, Fitzsimmons, Warren, Glaser, Mcloughlin, Balter, Wright, Kings County Supreme Court of the State of New York, Administrative Judge, Kings County Clerk's Office, and Sunshine;

(2) a claim pursuant to 42 U.S.C. § 1983 against the attorneys and law firms named in the complaint;

(3) a conspiracy claim pursuant to 42 U.S.C. §§ 1983 and 1985(3) ("Section 1985") against the attorneys and law firms named in the complaint;

(4) a claim of "fraud by omission or nondisclosure" against all defendants;

(5) a "common law conspiracy" claim against all defendants;

(6) a claim of negligent infliction of emotional distress against all defendants; and

(7) a claim of intentional infliction of emotional distress against all defendants. (*See* Compl. ¶¶ 80-134.)

**STANDARD OF REVIEW**

In reviewing plaintiff's complaint, the court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Plaintiff must, however, establish that the court has subject-matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject-matter jurisdiction). "[S]ubject-matter jurisdiction . . . can never be forfeited or waived" because it involves the court's power to hear a case. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Notably, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Consequently, "[w]here

jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) (noting that "[28 U.S.C. §] 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364.

A cause of action is properly deemed frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"--that is, when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court

7

evaluates each of plaintiff's claims in light of the foregoing standards.

<strong><u>DISCUSSION</u></strong>

A.  **Claim One**

   1. *Rooker-Feldman* **Doctrine**

Plaintiff's first claim (*see* Compl. ¶¶ 80-91) is barred by the doctrine of *Rooker-Feldman*. Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany Cnty Bd. of Elections*, the Second Circuit set forth four factors to determine whether the *Rooker-Feldman* doctrine applies: (1) plaintiff lost in state court; (2) plaintiff complains of injury caused by the state court order; (3) plaintiff seeks this court's review and rejection of the state court's process and determinations; and (4) the state court determinations in question were rendered before this action was commenced. 422 F.3d 77, 83 (2d Cir. 2005).

Each of the *Hoblock* requirements are met as to the first claim which, in essence, asks this court to review and

reject a state court judgment. Accordingly, because the district court lacks subject-matter jurisdiction over this claim, the court dismisses it pursuant to Fed. R. Civ. P. 12(h)(3). *See id.* at 86.

**2. Immunity**

Moreover, even if the court had subject-matter jurisdiction over plaintiff's first claim, the claim would be dismissed because each of the named defendants in Claim One are immune from suit. First, because the claims against Judges Steinhardt, Balter and the Administrative Judge of the Supreme Court of Kings County are based solely on judicial acts performed in their judicial capacity, the claims against them are barred by the doctrine of judicial immunity. *Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009).

Second, the claim against the Kings County Supreme Court of the State of New York Clerk's Office is barred by Eleventh Amendment immunity because it is considered an arm of the State of New York. *Gollomp v. Spitzer*, 568 F. 3d 355, 366 (2d Cir. 2009) (New York state Unified Court System, of which a county court is a part, is an "arm of the State," and therefore entitled to Eleventh Amendment immunity).

Furthermore, clerks of court and law secretaries, specifically defendants Sunshine, Fitzsimmons and Glaser, are immune from claims arising from their failure to perform their

9

duties and properly manage the court calendar, and plaintiff's complaint alleges no facts regarding acts in their individual capacities. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (finding "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is therefore "a function for which judges and their supporting staff are afforded absolute immunity."); *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (law secretaries to state court judges benefit from quasi-judicial immunity). Finally, McLoughlin and Wright, court reporters, enjoy qualified immunity. *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983). Accordingly, plaintiff's first claim is dismissible in the alternative on grounds of judicial, Eleventh Amendment, and quasi-judicial immunity.

**B.   Claim Two**

The court has the authority to dismiss *sua sponte* a complaint, or portion thereof, for which a plaintiff has paid the filing fee, where the plaintiff presents no arguably meritorious issue. *See Fitzgerald*, 221 F.3d at 363.

In order to maintain a claim under Section 1983, plaintiff must allege that (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of . . . deprived [her] of rights, privileges or immunities secured by the Constitution or laws of

the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

It is well-settled that private attorneys and law firms, such as the ones named as defendants in plaintiff's complaint, do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law. *See, e.g., Rodriguez*, 116 F.3d at 65-66 (private attorney not a state actor law by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney not a state actor); *Agron v. Douglas W. Dunham, Esq. & Assocs.*, No. 02 Civ. 10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004) ("It is well-established that as a matter of law a private attorney is not a state actor."); *Cunningham v. Fisch*, 01 Civ. 1123, 2001 WL 1313518, at *4 (S.D.N.Y. Oct. 26, 2001) ("'[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of [Section] 1983.'") (quoting *Polk Cnty v. Davidson*, 454 U.S. 312, 318 (1981)).

Moreover, although the complaint contains bald assertions that the attorneys and law firms named in the complaint acted under color of state law, plaintiff has provided no facts to support such claims and therefore cannot assert the

11

state action necessary to state a viable Section 1983 claim. *See Leogrande v. Erie Ins. Co. of New York*, No. 11-CV-1320, 2011 WL 1528103, at *4 (E.D.N.Y. Apr. 20, 2011) (holding that "plaintiff has not (and cannot) allege state action and, thus, his federal [Section 1983] claim[] should be dismissed *sua sponte* as frivolous" where court found it "apparent from the pleadings . . . that plaintiff is attempting to sue private [entities] under Section 1983"). Accordingly, because the attorneys and law firms named in the complaint are private parties and are not subject to suit under Section 1983, this claim lacks any arguable legal basis and is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 363; *see Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) ("An action is frivolous where it lacks an arguable basis either in law or in fact.") (internal quotation marks and citation omitted).

   **C.  Third Claim**

In her third claim, plaintiff alleges that the private attorney defendants and their firms conspired to commit fraud upon plaintiff and deprived her of her constitutional rights in violation of Sections 1983 and 1985.  (*See* Compl. ¶¶ 102-110.) As discussed *supra*, plaintiff's Section 1983 claim against these defendants is dismissed as frivolous because they are private parties who are not subject to suit under Section 1983.

Nor does plaintiff's Section 1985 claim have an arguable legal basis. To state a claim for conspiracy under Section 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a United States citizen. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007).

Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (noting that plaintiff impermissibly "relie[d] on vague, prolix allegations of a conspiracy without pleading any overt acts or providing a basis in fact for his claim" and that it was "incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights") (citing *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977)). Here, because plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive her of her rights, or any overt facts in furtherance of the purported conspiracy, the court finds that plaintiff's third claim lacks an arguable legal basis and dismisses it as frivolous.

*Fitzgerald*, 221 F.3d at 363; *Storm-Eggink*, 409 Fed. Appx. at 427.

**D. Plaintiff's Remaining State Law Claims**

Plaintiff's remaining claims, claims four to seven, arise under state law. (*See* Compl. ¶¶ 111-34.) In light of the court's dismissal of plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c). Plaintiff's state law claims of fraud, common law conspiracy, and intentional and negligent infliction of emotional distress, require interpretation of state law alone, and thus will be more appropriately determined in a state forum in the interests of comity and efficiency. *See Carnegie-Mellon Univ v. Cohill*, 484 U.S. 343, 357 (1988); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (finding dismissal of state law claims proper because it would "be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction"). Accordingly, plaintiff's state law claims are dismissed without prejudice.

The court has considered whether to permit plaintiff to amend her complaint and declines to do so because amendment

would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Typically a court does not dismiss a case without affording a plaintiff the opportunity to be heard in opposition.  But that rule does not apply where "it is unmistakably clear that . . . the complaint lacks merit or is otherwise defective." *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999).

## **CONCLUSION**

For the foregoing reasons, the court dismisses without prejudice plaintiff's (1) first claim for lack of subject-matter jurisdiction; (2) second and third claims because they are frivolous; and (3) remaining state law claims, over which the court declines to exercise supplemental jurisdiction.  The court also denies as moot the parties' outstanding motions.  Although plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

/

/

/

/

/

Any appeal must be filed within 30 days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A). The Clerk is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and all parties not represented on ECF; note service in the docket by January 26, 2012; dismiss this action; enter judgment; and close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         January 24, 2012

                                        _____/s/_____
                                        KIYO A. MATSUMOTO
                                        United States District Judge